IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACEY OLEJNICZAK, and KARINA CONTRERAS on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.<br>)<br>) |
| v. | ) JURY DEMANDED<br>) |
| WEST WING LIVE, LLC, d/b/a RADIUS, | )<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs Lacey Olejniczak and Karina Contreras bring this case individually and on behalf of all others similarly situated against Defendant West Wing Live, LLC, d/b/a Radius, alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the Chicago Minimum Wage Ordinance ("CMWO").

### Introduction

1. Defendant is an event venue space called Radius, located in Chicago, Illinois.

2. The FLSA and IWPCA forbid employers from retaining any portion of gratuities from their tipped employees. 29 U.S.C. § 203(m)(2)(B); 820 ILCS 115/4.1.

3. The IMWL and CWMO provide that employers may take an allowance of up to 40% of the minimum wage for employees who customarily receive gratuities, or tips, as part of their remuneration. 820 ILCS 105/4(c); CMWO Ch. 6-105 § 030. However, employers are not permitted to retain any portion of their employees' gratuities. *Id*.

4. Defendant violated the IMWL and CMWO conditions that forbid employers from taking any portion of the tips from their tipped employees if they are paying their tipped employees

the reduced minimum wage. Defendant also violated the IWPCA's and FLSA's absolute prohibition on retaining tips from tipped employees.

5. Plaintiffs, on behalf of themselves and others similarly situated, seek to recover unpaid minimum wages, and the return of all tips illegally retained by the Defendant.

## Parties

6. Lacey Olejniczak worked as a bartender at Radius from approximately July 2021 to August 2022.

7. Karina Contreras worked as a bartender at Radius from approximately August 2021 to June 2022.

8. Defendant West Wing Live LLC, d/b/a Radius is an Illinois limited liability corporation that owns and operates a multi-purpose event space at 640 W. Cermak Road Chicago, Illinois 60616.

9. Defendant employed Plaintiffs for the purposes of the FLSA, IMWL, IWPCA, and CMWO.

## Enterprise Coverage

10. During the relevant times, Defendant constituted an "enterprise" as that term is defined in the FLSA, because it performed related activities (either through unified operation or common control) for a common business purpose – namely, operating Radius.

11. Upon information and belief, the annual sales of Defendant exceed $500,000.00.

12. Plaintiffs and other workers handled materials that moved in interstate commerce when they performed work for Defendant.

## Jurisdiction and Venue

13. Venue is proper in this district because, at all relevant times, Defendant employed Plaintiffs in Cook County and this judicial district.

14. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' claims under state and municipal law pursuant to 28 U.S.C. § 1367.

### Facts

15. Plaintiffs worked for Defendant as bartenders. Defendant paid Plaintiffs the City of Chicago minimum wage for workers in tipped professions.

16. Defendant took advantage of the provisions of the IMWL and CMWO that allow employers of employees engaged in an occupation in which gratuities, or tips, are customarily part of the remuneration to pay tipped employees an hourly minimum wage that is less than the full minimum wage, under the condition that the employers do not retain a share of the tips. *See* 820 ILCS 105/4(c); CMWO Ch. 6-105, § 030.

17. Defendant pooled credit card tips among bartenders and barbacks and distributed a portion of the tips credit card in the bartenders' and barbacks' bi-monthly pay statements.

18. Defendant prohibited Plaintiffs from running sales reports showing total credit card tips from their assigned computer system at the end of a shift. Instead, Defendant required managers to run the reports for each bartender and prohibited bartenders from viewing the reports.

19. Plaintiff Lacey Olejniczak approached management regarding the lack of transparency with regard to credit card tips and management told her, "This is just the way it is."

20. Plaintiff Karina Contreras approached management regarding the lack of transparency with credit card tips and management told her, "This is how Nick, the owner, wants to run things."

21. On information and belief, Defendant kept a portion of the Plaintiffs credit card tips. A former Radius manager informed one of the Plaintiffs that Defendant kept a portion of the credit card tips.

22. Additionally, managers often kept a portion of the cash tips before distributing them to barbacks.

## Class Allegations

23. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA tip credit provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA/IMWL Class,"** consisting of all tipped employees who worked for Defendant July 19, 2020 and July 19, 2023. Plaintiffs' FLSA opt-in forms are attached as Exhibit A.

24. Plaintiffs bring the claims set forth in Count III, alleging violations of the IWPCA provision for occupations receiving gratuities, as a Rule 23 Class Action on behalf of themselves and an **"IWPCA/CMWO Class,"** consisting of all tipped employees who worked for Defendant between February 1, 2020 and July 19, 2023.

25. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

26. The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. On information and belief, Defendant took illegal tip pool distributions from at least 70 tipped employees.

27. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact includes at least the following:

- Whether Defendant paid Plaintiffs and the putative Class Members less than the Illinois minimum wage;

- Whether Defendant paid Plaintiffs and the putative Class Members less than the City of Chicago minimum wage;

- Whether Defendant illegally retained a share of Plaintiffs' and the putative Class Members' tips.

28. Plaintiffs will fairly and adequately protect the interests of all class members. Their claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendant's violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

29. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

30. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

31. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I: Violation of the FLSA

32. Plaintiffs incorporate all prior allegations as if fully stated herein.

33. Defendant employed Plaintiffs and other putative class members because Defendant permitted them to serve its customers and exerted substantial control over the manner in which the servers performed their work.

34. Defendant retained a portion of Plaintiffs' and Class Members' tips in violation of 29 U.S.C. § 203(m)(2)(B) and 29 C.F.R. 531.52(b).

35. Defendant's FLSA violations were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all illegal tip deductions to Plaintiffs and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Awarding Plaintiffs and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II – Violation of the Illinois Minimum Wage Law

36. Plaintiffs incorporate all prior allegations as if fully stated herein.

37. Defendant employed Plaintiffs and other putative class members because Defendant permitted them to serve its customers and exerted substantial control over the manner in which the servers performed their work.

38. Defendant did not pay Plaintiffs the Illinois minimum wage for all hours worked in a workweek.

39. Defendant paid Plaintiff the Illinois minimum wage for tipped employees for hour for all hours worked in a workweek, plus tips, pursuant to the IMWL gratuity provision at 820 ILCS 105/4(c).

40. Defendant kept a portion of the tip pool in violation of 820 ILCS 105/4(c).

## PRAYER FOR RELIEF

Plaintiffs asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representatives of the FLSA/IMWL Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Declaring that Defendant forfeits the gratuity allowance provided in 820 ILCS 105/4(c);

f. Awarding Plaintiffs and putative class members unpaid wages due as a result of Defendant forfeiting the IMWL gratuity allowance;

g. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

h. Awarding penalties in the amount of 5% of all unpaid wages for each month the wages remain delinquent, in accordance with, pursuant to 820 ILCS 105/12(a);

i. Awarding treble damages, pursuant to 820 ILCS 105/12(a).

j. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

k. Awarding such other relief as this Court deems just and proper.

### COUNT III – Violation of the Illinois Wage Payment and Collection Act

41. Plaintiffs incorporate all prior allegations as if fully stated herein.

42. Defendant employed Plaintiffs and other putative class members because Defendant permitted them to serve its customers and exerted substantial control over the manner in which the servers performed their work.

43. Defendant did not pay Plaintiffs all wages earned in a workweek in violation of 820 ILCS 115/3.

44. Defendant kept a portion of the tip pool in violation of 820 ILCS 115/4.1.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representatives of the IWPCA/CMWO Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 115/3, 115/4.1.

e. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

f. Awarding penalties on penalties in the amount of 5% of all unpaid wages for each month the wages remain delinquent, in accordance with 820 ILCS 115/14(a);

g. Awarding reasonable attorneys' fees and costs of this action as provided by the IWPCA;

h. Awarding such other relief as this Court deems just and proper.

### COUNT IV: Violation of the City of Chicago Minimum Wage Ordinance

45. Plaintiffs incorporate all prior allegations as if fully stated herein.

46. Defendant employed Plaintiff and other putative class members because Defendant permitted them to serve customers and exerted substantial control over the manner in which the servers performed their work.

47. Defendant did not pay Plaintiffs the City of Chicago full minimum wage for all hours worked in a workweek.

48. Defendant paid Plaintiffs the City of Chicago minimum wage for tipped employees for all hours worked in a workweek, plus tips, pursuant to CMWO Ch. 6-105, § 030(a).

49. Defendant kept a portion of the tip pool, in violation of CMWO Ch. 6-105, § 030(b).

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendant and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as the representative of the IWPCA/CMWO Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate CMWO Ch. 6-105, § 030(b);

e. Declaring that Defendant forfeits the gratuity allowance provided CMWO Ch. 6-105, § 030(a);

f. Awarding Plaintiffs and putative class members unpaid wages due as a result of Defendant forfeiting the CMWO gratuity allowance;

g. Awarding pre-judgment interest on the back wages;

h. Awarding treble damages, pursuant to CMWO Ch. 6-105, § 110.

i. Awarding reasonable attorneys' fees and costs of this action as provided by CMWO Ch. 6-105, § 110;

j. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/ Christopher J. Wilmes
One of the Attorneys for the Plaintiffs

Christopher J. Wilmes, cwilmes@hsplegal.com
Caryn C. Lederer, clederer@hsplegal.com
Karen Villagomez, kvillagomez@hsplegal.com
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100